Rachel E. Kaufman, CSB# 259353
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
Email: Rachel@kaufmanpa.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY BETHEA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>INFINITY ENERGY INC., a California corporation, and SOLAR QUOTE INC., a Delaware registered corporation,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Lindsey Bethea ("Plaintiff Bethea" or "Bethea") brings this Class Action Complaint and Demand for Jury Trial against Defendant Infinity Energy Inc ("Defendant Infinity Energy" or "Infinity Energy") and Defendant Solar Quote Inc. ("Defendant Solar Quote" or "Solar Quote") to stop the Defendants from violating the Telephone Consumer Protection Act by making telemarketing calls and text messages *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Bethea, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Lindsey Bethea is a resident of Bartlett, Tennessee.

2. Defendant Infinity Energy is a California registered corporation headquartered in Rocklin, California. Defendant Infinity Energy conducts business throughout this District and throughout parts of the U.S.

3. Defendant Solar Quote is a Delaware registered corporation headquartered in Waxahachie, Texas. Defendant Solar Quote conducts business throughout this District, California and throughout the U.S.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants because Defendant Infinity Energy has its headquarters in this District and the calls in this case were made from this District.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

9. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12. According to online robocall tracking service "YouMail," 4.6 billion robocalls were placed in October 2022 alone, at a rate of 147.5 million per day. www.robocallindex.com (last visited November 20, 2022).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

CLASS ACTION COMPLAINT
-3-

**COMMON ALLEGATIONS**

16. Defendant Infinity Energy provides solar energy installation solutions to consumers.[3]

17. Solar Quote finds customers for solar companies through various marketing efforts including telemarketing.[4]

18. Upon information and belief, Solar Quote was created by Infinity Energy in order to shield Infinity Energy from its lead generation telemarketing practices. By using the name Solar Quote, Infinity Energy seeks to avoid liability for potential illegal telemarketing that it may employ in order to generate new business for Infinity Energy.

19. Infinity Energy has a history of unlawful telemarketing allegations and has been sued twice already for alleged TCPA violations.[5]

20. Upon information and belief, Solar Quote and Infinity Energy are one and the same. Linkedin shows that Defendant Solar Quote has only two employees[6], Justin Brach, CEO of Solar Quote and Renee Surratt, VP of Marketing at Solar Quote, both of whom were previously employed by Infinity Energy:

---

[3] https://www.linkedin.com/company/infinity-energy-inc/about/
[4] https://www.solarquote.com/
[5] See Rogers v. Infinite Energy 20-cv-2194 and Cross v. Infinite Energy 16-cv-02527
[6] https://www.linkedin.com/company/solarquote/about/

CLASS ACTION COMPLAINT
-4-


**Justin Brach**
CEO of SolarQuote.com & Subcontractorhub.com Have built sales orgs that have sold over a billion dollars in solar, energy stora...


**Chief Executive Officer**
Solar Quote · Full-time
Oct 2021 – Present · 1 yr 2 mos
Dallas, Texas, United States

SolarQuote.com is a direct-to-consumer solar platform providing an easy and transparent process for purchasing solar and energy storage online.


**Which way is right for you?**
Have questions about getting solar for your home? Chat directly with one of our knowledgeable representatives via our online chat. They will answer any questions y...


**Chief Executive Officer**
SubcontractorHub · Full-time
Aug 2021 – Present · 1 yr 4 mos
Park City, Utah, United States

Sales enablement software bringing roofing, solar and HVAC together with one seamless tool. www.subcontractorhub.com

**Infinity Energy INC**
2 yrs 5 mos

**Chief Business Development Officer**
Feb 2021 – Jan 2022 · 1 yr

**Executive Vice President**
Sep 2019 – Feb 2021 · 1 yr 6 mos
Rocklin, California [7]


**Renee Surratt** (She/Her)
VP of Marketing at Solar Quote Inc.

**Experience**


**VP of Marketing**
Solar Quote · Full-time
Dec 2021 – Present · 1 yr


**VP of Marketing**
AppointmentCore · Full-time
Dec 2021 – Aug 2022 · 9 mos


**Digital Marketing Manager**
Infinity Energy INC · Full-time
Oct 2019 – Dec 2021 · 2 yrs 3 mos
Rocklin, California, United States [8]

---

[7] https://www.linkedin.com/in/justin-brach-810b2514/
[8] https://www.linkedin.com/in/renee-surratt-b73a06aa/

CLASS ACTION COMPLAINT
-5-

21. In addition to the above, Justin Fellenz shows on his Facebook page that he works at Solar Quote and at Infinity Energy simultaneously. In addition, he wrote a post promoting hiring of Solar Quote and posted a text message where he represents he works for Infinity Energy.[9]





[10]

---

[9] https://www.facebook.com/justin.fellenz/about_overview
[10] https://www.facebook.com/justin.fellenz/



[11]

22.     As of November 20, 2022, the website SolarQuote.com shows that Solar Quote is licensed to sell solar in California and Texas. The license numbers identified by Solar Quote on SolarQuote.com are the same license numbers identified on Infinite Energy's website InfiniteEnergy.com.

[12]

---

[11] Id.
[12] https://www.solarquote.com/

CLASS ACTION COMPLAINT
-7-

infinity energy

+1 888.244.2513

Products: Solar, Battery, Roofing

Compan: About Us, Careers, Solar Plar, Contact U

© 2019 Infinity Energy Inc. All Rights Reserved. CA-998627, TX-32607 lic. [13]

In fact, the license numbers CA-998627 and TX-32607 are both licensed to Infinity Energy, Inc.[14] [15]

23. Solar Quote LLC operates a branch office in Rocklin, California:

SOLAR QUOTE LLC BRANCH

| | |
|---|---|
| **Company Number** | 202107810584 |
| **Status** | Canceled |
| **Incorporation Date** | 5 March 2021 (over 1 year ago) |
| **Jurisdiction** | California (US) |
| **Branch** | Branch of SOLAR QUOTE LLC (Delaware (US)) |
| **Registered Address** | 3825 ATHERTON ROAD<br>ROCKLIN<br>95765<br>United States |
| **Inactive Directors / Officers** | BRYSON SOLOMON<br>ELGUINDY, MEYER & KOEGEL, APC, agent<br>JON LAPRAY |
| **Registry Page** | https://bizfileonline.sos.ca.gov/sear... |

[16]

24. Plaintiff Bethea registered her cell phone number on the DNC on January 23, 2021.

[13] https://infinityenergy.com/
[14] https://www.cslb.ca.gov/onlineservices/checklicenseII/LicenseDetail.aspx?LicNum=998627
[15] https://www.tdlr.texas.gov/LicenseSearch/SearchResultDetail.asp?1=EECELE00032607
[16] https://opencorporates.com/companies/us_ca/202107810584

25. Plaintiff Bethea's cell phone number is not associated with a business and is used for personal use only.

26. On August 30, 2022 at 4:39 PM, Plaintiff Bethea received an unsolicited text message from Solar Quote to her cell phone, from 214-833-0627:

> Aug 30, 4:39 PM
>
> Conversation with (214) 833-0627
>
> Thank you for your interest in renewable energy for your home. We are excited to see if your home qualifies and get you a personalized quote to fit your needs. Would you prefer a call or to text? Text STOP to opt out of SMS.

27. On September 30, 2022 at 12:32 PM, Plaintiff Bethea received a 2nd unsolicited text message to her cell phone from Solar Quote, from 214-833-0627:

> Sep 30, 12:32 PM
>
> Eric, our manufacturer is now offering a $1,000 rebate to anyone who goes solar this month. Text REBATE to learn more.
>
> Text STOP to be removed from further communications.

28. The aforementioned text message is addressed to "Eric." Plaintiff Bethea does not know who Eric is. Plaintiff maintains exclusive control and use of her phone and has never authorized it to be used by someone named Eric.

CLASS ACTION COMPLAINT
-9-

29. On November 16, 2022 at 2:25 PM, Plaintiff Bethea received a 3rd unsolicited text message to her cell phone from Solar Quote, from 214-833-0627:

> 2 days ago, 2:25 PM
>
> Go Solar before Thanksgiving and you can receive up to 30% off your solar installation. You don't have to get trampled this season to receive savings. Reply SALE to learn more.
>
> TXT STOP, to stop receiving messages.

30. On November 18, 2022 at 12:49 PM, Plaintiff Bethea received a 4th unsolicited text message to her cell phone from Solar Quote, from 214-833-0627:

> 0 minutes ago, 12:49 PM
>
> Are you still waiting for the best solar quote ? We are offering the lowest prices of the year, while supplies last. Book a meeting with our representatives between now and Thanksgiving to receive up to 30% off your solar project.
> Book Here: https://go.appointmentcore.com/book/sjBrdD
> TXT STOP to stop receiving messages

31. Visiting the URL that was provided in the November 18th text message leads to a website that identifies the company name Solar Quote:

CLASS ACTION COMPLAINT
-10-



17

32.     On November 21, 2022 at 3:53 PM, Plaintiff Bethea received a 5th unsolicited text message to her cell phone from Solar Quote, from 214-833-0627:

---

17 https://go.appointmentcore.com/book/sjBrdD

CLASS ACTION COMPLAINT
-11-

33. Plaintiff Bethea was not looking to get a quote for a solar installation. In fact, Plaintiff does not own a property.

34. The unauthorized solicitation text messages that Plaintiff received from Solar Quote on behalf of Infinity Energy, as alleged herein, have harmed Plaintiff Bethea in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

35. Seeking redress for these injuries, Plaintiff Bethea, on behalf of herself and Class of similarly situated individuals, bring suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Bethea brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendants called on behalf of Defendant Infinity Energy more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendants called Plaintiff, and (5) for whom the Defendants claim (a) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call Plaintiff, or (b) they obtained the person's number in the same manner as Defendants obtained Plaintiff's number.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated

CLASS ACTION COMPLAINT
-12-

and/or released. Plaintiff Bethea anticipates the need to amend the Class definitions following appropriate discovery.

38. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) Whether Defendants' conduct violated the TCPA;
   (b) Whether Defendants placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;
   (c) whether Defendant engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;
   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

40. **Adequate Representation**: Plaintiff Bethea will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Bethea has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff Bethea and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Bethea nor her counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Bethea. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Bethea and the Do Not Registry Class)**

42. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

45. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Bethea and the Do Not

Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

46. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff Bethea and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above.

47. As a result of Defendants' conduct as alleged herein, Plaintiff Bethea and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Bethea individually and on behalf of the Class, prays for the following relief:

49. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Bethea as the representative of the Class; and appointing her attorneys as Class Counsel;

50. An award of actual and/or statutory damages and costs;

51. An award of attorney's fees;

52. An order declaring that Defendants' actions, as set out above, violate the TCPA;

53. An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

54. Such further and other relief as the Court deems just and proper.

# JURY DEMAND

Plaintiff Bethea requests a jury trial.

DATED this 19th day of January, 2023.

                                        **LINDSEY BETHEA**, individually and on behalf of all others similarly situated,

By: /s/ *Rachel E. Kaufman*
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*